

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
01/20/2011

|  |  |
|---|---|
| IN RE ) |  |
| ) |  |
| ERIC S. RANDECKER and ) | CASE NO. 09-80598-G3-13 |
| VANESSA G. RANDECKER, ) |  |
| ) |  |
| Debtors, ) |  |
| ) |  |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Debtor(s) Motion to Modify Confirmed Plan" (Docket No. 65). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered disapproving the modification. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Eric S. Randecker and Vanessa G. Randecker ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 22, 2009. William E. Heitkamp is the Chapter 13 Trustee.

On Debtors' Schedule B, Debtors listed ownership in three vehicles: a 2001 Ford Expedition, a 2003 Ford F-150, and a 2001 Ford Explorer. On Debtors' Schedule D, they indicated a debt to Gulf Shore Federal Credit Union ("GSFCU") of $18,325.60,

secured by the 2001 Ford Expedition.  Debtors listed a value of $5,250.00 for the 2001 Ford Expedition.  Debtors Schedule I indicates that Debtors are married, and have four children, whose ages on the petition date were between two and eleven years.  (Docket No. 10).[1]

On February 5, 2010, GSFCU filed a motion to determine the value of its security interest in, inter alia, the Ford Expedition.  GSFCU asserted that the value of the Ford Expedition was $5,612.50.  (Docket No. 34).  An agreed order was entered on April 15, 2010, determining the value of the Ford Expedition to be $5,612.50.  (Docket No. 49).

Debtors proposed a plan providing for distribution to GSFCU with respect to the Ford Expedition, in the amount of $5,612.50, plus 5.25 percent interest.  The distribution was to take place in the first 58 months of the plan.  (Docket No. 54).  The plan was confirmed, by order entered on May 21, 2010 (Docket No. 60).

On October 5, 2010, Debtors filed the instant motion to modify the plan.  In the instant motion, Debtors propose to surrender the 2001 Ford Expedition to GSFCU, and eliminate

---

[1] Debtors additionally listed a debt of $17,885.51, secured by the 2003 Ford F-150.  GSFCU filed separate proofs of claim with respect to each of the two debts.  The claims register reflects that GSFCU filed one proof of claim, in the amount of $7,846.99, secured by the 2001 Ford Expedition, and also filed a proof of claim, in the amount of $11,136.96, secured by the 2003 Ford F-150.

2

distribution to GSFCU on the claim secured by the 2001 Ford Expedition.  (Docket No. 65).  GSFCU objects to the proposed modification on grounds it was not proposed in good faith. (Docket No. 78).

Prior to the instant case, Debtors were the Debtors in Case No. 06-80110-G3-13.  Eric Randecker and Susan Herron, the president of GSFCU, each testified that in the previous case, Debtors negotiated for lowered monthly payments on the Ford Expedition.

Eric Randecker testified that, during a trip to South Carolina, the motor of the 2001 Ford Expedition "froze."  He testified that Debtors left the 2001 Ford Expedition out of state, and rented a car to return home.  He testified that the repair costs for the 2001 Ford Expedition exceed the value of the vehicle.  He testified that the 2001 Ford Expedition remains out of state.  He testified that he does not know the cost of transporting the 2001 Ford Expedition to Texas.

Herron testified that the Ford dealer out of state where the 2001 Ford Expedition is located has quoted a repair cost of approximately $5,000, or a salvage value of the 2001 Ford Expedition, as is, of approximately $500 to $700.

## Conclusions of Law

Under Section 1329(b)(2) of the Bankruptcy Code, a plan as modified becomes the plan unless, after notice and a hearing,

such modification is disapproved.  11 U.S.C. § 1329(b)(2).

Section 1329(b)(1) of the Bankruptcy Code applies the requirements of, inter alia, Section 1325(a), to a proposed modification.  11 U.S.C. § 1329(b)(1).

Section 1325(a)(3) requires that, in order to be confirmable, a plan be "proposed in good faith and not by any means forbidden by law."  11 U.S.C. § 1325(a)(3).

Debtors, as proponents of the modification, bear the burden of proof.  In re Kearney, 439 B.R. 694 (Bankr. E.D. Wis. 2010).

To determine whether a Chapter 13 plan was filed in good faith, the bankruptcy court considers the totality of the circumstances.  The court considers such factors as (1) the reasonableness of the proposed repayment plan; (2) whether the plan shows an attempt to abuse the spirit of the Bankruptcy Code; (3) whether the debtor genuinely intends to effectuate the plan; (4) whether there is any evidence of misrepresentation, unfair manipulation, or other inequities; (5) whether the filing of the case was part of an underlying scheme of fraud with an intent not to pay; (6) whether the plan reflects the debtor's ability to pay; and (7) whether a creditor has objected to the plan.  In re Ramirez, 204 F.3d 595 (5th Cir. 2000).  See also In re Stanley, 224 Fed. Appx. 343 (5th Cir. 2007), and cases cited therein.

In the instant case, Debtors, although they have two family members of driving age, have retained three vehicles. The instant case is Debtors' second Chapter 13 case, filed after the first case was pending for approximately three and one half years. In the confirmed plans in both the first case and the instant case, Debtors renegotiated their debt to GSFCU. In the instant modification, Debtors propose to "surrender" the vehicle to GSFCU, but the vehicle is not driveable, is located out of state, and Debtors have made no provision for delivery of the vehicle to GSFCU. GSFCU should not be required to bear the entire burden of both the decline in the vehicle's condition and its recovery from out of state. The court concludes, in the totality of the circumstances, that the instant modification was not proposed in good faith.

Based on the foregoing, a separate Judgment will be entered disapproving the "Debtor(s) Motion to Modify Confirmed Plan" (Docket No. 65).

Signed at Houston, Texas on January 20, 2011.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE